Filed 9/24/25  P. v. Brown CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FREDERICO BROWN,<br><br>    Defendant and Appellant. | 2d Crim. No. B340073<br>(Super. Ct. No. BA290213-01)<br>(Los Angeles County) |

Frederico Brown (also known as "Federico") appeals the trial court's order denying his petition for resentencing pursuant to Penal Code section 1172.75.[1]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed a supplemental brief raising no arguable issues.  We affirm.

---

[1] All further statutory references are to the Penal Code.

*Procedural Background*

In May 2006, appellant pleaded guilty to multiple offenses, including second degree robbery (§ 211, counts 1 and 14) and felony false imprisonment by violence (§ 236, count 7). Appellant admitted various firearm enhancement allegations (§§ 12022.53, subd. (b), 12022.5, subd. (a)). He further admitted that he suffered a prior conviction pursuant to the "Three Strikes" law and that he had a one year prison prior pursuant to section 667.5, subdivision (b). The trial court sentenced appellant to an aggregate determinate term of 29 years in state prison.[2]

In February 2023, the trial court received notice from the California Department of Corrections and Rehabilitation that appellant's sentence included an invalid prison prior.

In August 2024, the trial court conducted a resentencing hearing, struck the prison prior, but did not otherwise modify appellant's sentence. Appellant's aggregate sentence was reduced to 28 years imprisonment.

*Discussion*

Where, as here, appointed counsel finds no arguable issues in an appeal from an order denying postconviction relief pursuant to section 1172.75, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief. (*Id*. at p. 232.)

---

[2] Appellant also pleaded guilty in counts two through six and in count eight but the trial court ordered sentencing stayed on those counts.

Here, appellant filed a supplemental brief contending that he should have been sentenced to the middle term instead of the upper term on the principal robbery count. He asserts "the trial court did not consider [whether] it had discretion" to impose a lesser term. This contention is meritless.

The record reflects that the trial court was well aware of its discretion to resentence appellant beyond striking the one-year prior but expressly declined to do so after finding that appellant's "behavior continues to evidence a risk for future violence and a real concern to the endangerment of public safety." Thus, appellant is not entitled to a lesser term because, as the trial court concluded, "the interest of justice does not merit it."

*Disposition*

The trial court's order denying appellant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

CODY, J.

3

George G. Lomeli, Judge
Superior Court County of Los Angeles

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.